Case 1:19-cv-00301-DKW-WRP  Document 77  Filed 01/21/20  Page 1 of 10
                              PageID.1829

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KAISER FOUNDATION HEALTH PLAN, INC., | ) CIVIL NO. 19-00301 DKW-WRP |
|---|---|
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS TO PREVAILING PARTY |
| vs. | |
| THE QUEEN'S MEDICAL CENTER, INC., ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION
FOR ATTORNEYS' FEES AND COSTS TO PREVAILING PARTY

Before the Court is Defendants The Queen's Medical Center, North Hawaii Community Hospital, Inc., and Molokai General Hospital's Motion for Attorneys' Fees and Costs to Prevailing Party, filed on December 19, 2019 (Motion).  See ECF No. 71.  Plaintiff Kaiser Foundation Health Plan, Inc. (Kaiser) filed its Opposition and evidentiary objections in support of its Opposition on January 2, 2020.  See ECF Nos. 74, 75.  Defendants filed their Reply on January 16, 2020.  See ECF No. 76.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  See ECF No. 72.

After careful consideration of the parties' filings, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Motion be DENIED.[1]

## BACKGROUND

This case involves the breakdown of a post-contractual relationship between Kaiser, a health maintenance organization, and Defendants, various hospitals in the State of Hawaii.  See ECF No. 1 ¶¶ 2-5.  Prior to May 30, 2019, Kaiser and Defendants were parties to contracts that set forth how Kaiser would reimburse Defendants for emergency services rendered to Kaiser members.  See ECF No. 63 at 6.

During the negotiations, Defendants specifically rejected the contract provisions and historical practices that related to the rates that Kaiser would reimburse Defendants for services rendered.  Defendants instead insisted upon full reimbursement for amount billed for services rendered to Kaiser members.  Kaiser sought to negotiate more modest increases to the reimbursement rates (historically, a multiple of the amount Medicare would pay Defendants), resulting in a

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

percentage of the amounts billed. Defendants also relayed that, if Kaiser continued to not pay the full amount billed, Defendants would begin billing Kaiser members the balance on any amount not fully reimbursed by Kaiser, a practice called "balance billing." See id. at 7. As of May 30, 2019, Kaiser and Defendants were unable to renegotiate and renew these contracts and the contracts lapsed.

After the contracts lapsed, Kaiser brought this lawsuit alleging that Defendants' negotiation strategy had put Kaiser members at risk that they would be billed for emergency services received while in Defendants' care. See ECF No. 1 ¶ 1. Kaiser asserted four claims for declaratory judgment and injunctive relief, but did not seek monetary damages. Kaiser asked the Court to order that Kaiser reimburse Defendants only the *reasonable value* of emergency services rendered to Kaiser members (at a percentage of the amount billed) and to prohibit Defendants from "balance billing" Kaiser members for emergency services, except for the customary deductibles and copayments. See id.

On October 31, 2019, the district court granted Defendants' Motion to Dismiss. See ECF No. 63 at 1. The district court found that, because Kaiser's claims were based upon the contracts that had lapsed and statutes that did not create a quasi-contractual relationship, the entire action must be dismissed. See id.

Defendants now seek an award of fees and costs under Section 607-14 of the Hawaii Revised Statutes (HRS).[2]  See ECF No. 71.

## DISCUSSION

A federal court sitting in diversity must apply the law of the forum state when considering a motion for an award of attorneys' fees.  See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Because this action arises under diversity of citizenship jurisdiction and Hawaii is the forum state, the Court will apply Hawaii law in determining if Defendants are entitled to attorneys' fees.  See ECF No. 1 ¶ 8.

Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citation and quotation marks omitted).  "Generally, under the 'American Rule,' each party is responsible for paying his or her own litigation expenses.  A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute,

---

[2] In their motion, Defendants only request costs pursuant to Section 607-14 of the Hawaii Revised Statutes (HRS).  See ECF No. 71-1 at 22. Defendants did not seek costs pursuant to 28 U.S.C. § 1920, which requires a bill of costs to be filed within fourteen days of judgment.  The Clerk entered judgment on October 31, 2019.  See ECF No. 64.  Accordingly, the time to file a bill of costs has expired.

stipulation, or agreement." DFS Grp., L.P. v. Paiea Props., 131 P.3d 500, 502 (Haw. 2006) (quoting TSA Int'l, Ltd. v. Shimizu Corp., 990 P.2d 713, 733 (Haw. 1999)). HRS Section 607-14 is a statutory exception to the American Rule and mandates the recovery of fees for matters that are *in the nature of assumpsit*. See Haw. Rev. Stat. § 607-14.

### A. This Action is Not in the Nature of Assumpsit

HRS Section 607-14 provides for the recovery of fees in assumpsit actions. See Haw. Rev. Stat. § 607-14. "[I]n all actions in the nature of assumpsit . . . or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable." Id. "Assumpsit is a common law form of action which allows for the recovery of damages for *non-performance of a contract*, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 141 P.3d 996, 1013 (Haw. 2006) (emphasis added; citation and emphases omitted); Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims'").

To determine whether an action is in the nature of assumpsit, the Court also must "determine whether each individual claim alleged in a complaint

5

sounds in assumpsit or tort." Kona Enters, 229 F.3d at 885. In so doing, the court should examine "the substance of the entire pleading, the nature of the grievance, and the relief sought." S. Utsunomiya Enters., Inc. v. Moomuku Cnty. Club, 879 P.2d 501, 505 (Haw. 1994).

Here, Kaiser alleges four claims against Defendants. See ECF No. 1 ¶ 1. Claims One and Two are for declaratory judgment and injunctive relief, respectively, as to whether Defendants can balance bill Kaiser members for emergency services. See id. ¶¶ 28, 31. Claims Three and Four are for declaratory judgment and injunctive relief, respectively, as to whether Kaiser need only pay a "reasonable value" for Defendants' emergency services. Id. ¶¶ 35, 38.

### 1. Lack of Contract or Quasi-Contractual Obligation

Defendants argue that Kaiser's pleading and nature of their grievance is based upon contractual or quasi-contractual claims. First, Defendants argue that this action is in the nature of assumpsit because Kaiser's claims for relief arose out of a relationship that was once contractual. See ECF No. 71-1 at 5. This argument in unpersuasive.

The Hawaii Supreme Court has held that the "mere fact" that Kaiser's claims relate to contracts does not render a dispute between the parties in the nature of assumpsit. TSA Int'l Ltd. v. Shimizu Corp., et al., 990 P.2d 713, 734 (Haw. 2003). Here, Kaiser sought declaratory judgement and injunctive relief that

6

would result in *reasonable reimbursement rates* for emergency services. Kaiser did not seek to enforce the rates established in the lapsed contracts. Kaiser merely referenced the parties' prior contractual terms governing reimbursement rates for emergency services and argued for more reasonable variations to those terms. Accordingly, Kaiser's lawsuit may have related to a prior contractual relationship, but it was not based in contract; thus, the Court finds that this action was not in assumpsit.

Next, Defendants contend that Kaiser's claims were premised on federal and Hawaii statutes that Kaiser alleged created a contractual or quasi-contractual relationship between Kaiser and Defendants. See ECF No. 71-1 at 5. In Hawaii, however, an action brought pursuant to statute is "not a common law action" and "not in the nature of assumpsit." Murakami, 141 P.3d at 1012-13. Kaiser brought this action pursuant to federal and state statutes about providing emergency medical services. See ECF No. 1 ¶¶ 25-26 (citing 42 U.S.C. § 1395dd and Haw. Rev. Stat §§ 431:26-103(a)(2), 104, 432D).

Similarly, the district court, in interpreting the applicable statutes, did not find a contractual or quasi-contractual relationship between the parties. The district court in its order granting Defendants' Motion to Dismiss determined that the statutory provisions and regulatory framework upon which Kaiser relied did *not* create a contract-in-law and did not create a quasi-contractual relationship

between Kaiser and Defendants. See ECF No. 63 at 13-14. Rather, the district court found that the statutes created an obligation of Defendants to provide services to third parties. See id. The district court held that Defendants are not obligated to accept payments from Kaiser; they are only obligated to provide medical services to people who walk into the emergency room. See id. The statutory provisions are silent as to who must pay for emergency services. See id. Because Kaiser brought this action based upon statutes and the district court held that there was no contract-in-law or quasi contractual obligation between the parties, the Court finds that this action is not in the nature of assumpsit.

### 2. Nature of Relief Sought

For an action to be in the nature of assumpsit, the plaintiff's "primary objective must be to obtain monetary relief for breach of the contract." Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 761-63 (Haw. 2007). Claims for declaratory judgment "are not in the nature of assumpsit, even though the basis of the requests factually implicate a contract." Skanning v. Sorensen, Civ. No. 09–00364 DAE–KSC, 2009 WL 5449149, at *4 (D. Haw. Dec. 10, 2009). "An action that seeks only a declaration as to a party's rights or responsibilities, even if factually implicating a contract, is not 'in the nature of assumpsit.' This is because when the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not 'in the nature of

assumpsit.'" Id. Likewise, claims for injunctive relief are not in the nature of assumpsit. See Young v. Geico Indem. Co., No. CIV. 08-00171JMSKSC, 2009 WL 3049640, at *5 (D. Haw. Sept. 23, 2009); DeMund v. Lum, 690 P.2d 1316, 1323 (Haw. Ct. App. 1984).

Here, Kaiser only requested declaratory and injunctive relief, and they did not seek money damages. See ECF No. 1 ¶ 1. Defendants argue that this case was, in fact, about money damages because Kaiser's claims were intended to reduce the amount of money Kaiser would reimburse Defendants, both since the contracts lapsed in 2019 and going forward. See ECF No. 71-1 at 6. Defendants contend that the purpose of the declaratory and injunctive relief sought was to reduce the amount Defendants would recover from services provided. See ECF No. 71-1 at 6. The argument is without merit.

The Court finds that Kaiser's primary objective was to obtain declaratory and injunctive relief, not seek money damages. See ECF No. 1 ¶ 23. Kaiser sought reasonable reimbursement rates for emergency services rendered by Defendants, albeit rates substantially less than the full amount billed by Defendants. Yet, seeking to reimburse a provider less money than the full amount billed for emergency services is not the same as seeking money damages based upon non-performance of a contract. Because Kaiser's primary objective was not to obtain money damages, Kaiser's claims are not in the nature of assumpsit.

Lastly, Defendants argue that a claim for declaratory relief sounds in assumpsit.  See ECF No. 76 at 14.  The cases cited by Defendants each involve a claim for declaratory relief in *conjunction* with monetary damages, which is not the case here.

The Court finds that none of the claims asserted are in the nature of assumpsit.  Having concluded that the action is not in the nature of assumpsit, the Court finds that Defendants are not entitled to attorneys' fees.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Defendants' Motion for Attorneys' Fees and Costs to Prevailing Party be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 21, 2020.



Wes Reber Porter
United States Magistrate Judge

**KAISER FOUNDATION HEALTH PLAN, INC. V. THE QUEEN'S MEDICAL CENTER, INC., ET AL,; CIVIL NO. 19-00301 DKW-WRP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS TO PREVAILING PARTY**